## Peace et al., to use, v. Reinhart et al.

*Bertram P. Rambo*, for petitioner; *Edmonds, Obermayer & Rebmann*, contra.

ALESSANDRONI, J., October 5, 1932.—An attachment was made and George T. Sale was summoned as garnishee in this proceeding. Answers to the interrogatories and answers to supplemental interrogatories were filed. A rule for judgment against George T. Sale, garnishee, was filed of record in this court, and the rule made absolute in the sum of $752.58 on May 6, 1932. The garnishee has now filed a petition for a rule to open judgment, setting forth that due to error and inadvertence he failed to state in his answers to interrogatories and answers to supplemental interrogatories that he had received notice of an assignment of the rents which he held for the defendant, and that he had received notice of said assignment on December 19, 1928. He further states in his petition that he made no argument against the rule for judgment, but attorneys for the assignee presented a paper book at the argument. It is further set forth that, because of the failure to aver the assignment, judgment was entered against him and he, therefore, prays leave that the judgment be opened so that he can aver the assignment and notice thereof prior to the attachment.

The petitioner seeks to invoke the equitable intervention of this court in a matter in which he admittedly avers his own negligence and failure properly to protect his rights. The original attachment made in this proceeding was served on December 14, 1928, and interrogatories thereto were filed. On January 3, 1929, answers to the interrogatories were filed by George T. Sale. Supplemental interrogatories were served upon the petitioner in November of 1929, and on December 13, 1929, he filed supplemental answers. In all this period of time the

petitioner did not see fit to protect his rights by averring an assignment of the funds in his hands from the defendant to a third party and notice thereof. When a rule was taken upon him in 1932 for judgment for the amount admitted to be due in his answers, he did not see fit to protect his rights and appear in court to contest the rule. In fact, no action was taken by the garnishee until judgment was entered against him. One seeking to invoke the equitable discretion of the court must clearly show that the injustice of which he complains has not been the result of his own negligence and lack of interest. This the petitioner has not shown, and even in his petition he sets forth that he made no argument against the rule for judgment and opposed it in no way, although the assignee did appear to contest it. If any injustice has been done the petitioner it is the result of his own negligence and failure to evince any interest in the proceedings until they were concluded. Under this state of the facts, the court cannot properly exercise its discretion to aid a man who has evinced no desire to aid himself.

And now, to wit, October 5, 1932, the rule to open judgment is discharged.